UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMINAS WAGNER ENTERPRISES, LLC, | Case No. 2:21-CV-897 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| OHIO SECURITY INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant Ohio Security Insurance Company's ("Ohio Security") motion to dismiss. (ECF No. 12). Plaintiff Arminas Wagner Enterprises, Inc. ("Arminas Wagner") responded in opposition (ECF No. 16), to which Ohio Security replied (ECF No. 18).

Also before the court is Ohio Security's motion for leave to file supplemental authority (ECF No. 22), which the court GRANTS.

It is well established that the district courts have inherent power to control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (citation omitted). The power to stay proceedings is incidental to this power and empowers courts to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

The exercise of this power to stay, however, calls for sound discretion. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Courts appropriately exercise their discretion to stay a case when the resolution of another legal proceeding will have a direct impact on the issues

**James C. Mahan**
**U.S. District Judge**

before the court. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).[1]

The case here involves a dispute between Arminas Wagner and its insurance company, Ohio Security. Arminas Wagner alleges that Ohio Security is required to provide insurance coverage for Arminas Wagner's purported business losses sustained by the governor of Nevada's temporary shuttering of non-essential businesses in response to the world-wide pandemic caused by COVID-19 (a version of the SARS virus).[2]

The court is aware of the abundance of COVID-19 business interruption insurance cases filed in recent years in this circuit—and in nearly every other circuit in the country. Indeed, Judge Dorsey in this district dismissed a nearly identical lawsuit in 2021, which has since been appealed and was recently argued and submitted for consideration before the Ninth Circuit. *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Ninth Cir. Case No. 21-15367 (argued and submitted as of March 9, 2022).

In determining whether to stay a case, courts weigh interests such as the hardship or inequity parties may suffer in being required to move forward with the case, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)* (citation omitted).

The court finds that the interests of a brief stay for purposes of waiting to receive important and material guidance from the Ninth Circuit outweigh any potential hardship or inequity to the parties caused by the stay. For instance, the *Circus Circus* appeal will be the first time the Ninth Circuit analyzes an insurance contract in light of a COVID-19 business

---

[1] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters.*, 708 F.2d at 1465.

[2] Arminas Wagner avers that the suspension began on March 20, 2020, and filed its complaint in Nevada state court on March 12, 2021. (ECF No. 1-1 at 10 ¶ 17). Ohio Security subsequently removed the case to this court on May 7, 2021. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

interruption claim *under Nevada law*.³  And the Ninth Circuit heard oral argument for the case on March 9, 2022; therefore, a decision is likely imminent.

As set forth above, courts may issue stays pending the resolution of other legal proceedings that have direct impact on the issues before the court.  *Mediterranean Enters.*, 708 F.2d 1458.  Therefore, in the interest of the "orderly course of justice," and because the court finds that the issues present in the *Circus Circus* appeal are nearly identical to this case—to wit, whether and how a viral disease can cause loss to a business under an insurance policy, and if so, whether a virus exclusion clause in the insurance contract precludes coverage—the court STAYS this matter until the Ninth Circuit issues its decision.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that this case is STAYED.  The stay will automatically lift upon the Ninth Circuit's decision in *Circus Circus v. AIG Specialty Ins. Co.*, No. 21-15367.  The parties are instructed to file a joint status report within fourteen (14) days of the Ninth Circuit's decision.

IT IS FURTHER ORDERED that Ohio Security's motion to dismiss (ECF No. 12) be, and the same hereby is, DENIED without prejudice, with leave to refile it after the stay has been lifted.

IT IS FURTHER ORDERED that Ohio Security's motion for leave to file supplemental authority (ECF No. 22) is GRANTED.

DATED March 31, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

³ The Ninth Circuit recently issued opinions relating to three Covid-19 business interruption cases analyzing California and Arizona law, but not Nevada law.  *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021); *Selane Prods., Inc. v. Cont'l Cas. Co.*, 2021 WL 4496471 (9th Cir. Oct. 1, 2021); *Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Co.*, 2022 WL 171936 (9th Cir. Jan. 19, 2022).

**James C. Mahan**
**U.S. District Judge**

- 3 -