UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMINAS WAGNER ENTERPRISES, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> OHIO SECURITY INSURANCE COMPANY, <br><br> Defendant(s). | Case No. 2:21-CV-897 JCM (DJA) <br><br><br> ORDER |

Presently before the court is the matter of *Arminas Wagner Enterprises v. Ohio Security Insurance Company*, case no. 2:21-cv-00897-JCM-DJA.

On March 31, 2022, the court stayed this case pending the issuance of the Ninth Circuit's ruling in the relevant *Circus Circus v. AIG Specialty Ins. Co.*, No. 21-15367, appeal, after which the stay would automatically lift. On April 15, 2022, the Ninth Circuit issued its ruling, affirming Judge Dorsey's dismissal of the case. *See Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 2022 U.S. App. LEXIS 10298 (9th Cir. April 15, 2022) (unpub.).

With the stay being lifted, the parties shall have thirty (30) days from the date of this order to file any renewed motions. The standard response and reply briefing schedules set forth in LR IA 7-2 will apply. For clarity, the discovery stay entered by the court on June 14, 2021 (ECF No. 21) remains in effect until further order of the court.

The court notes that in the parties' post-*Circus Circus* appeal joint status report, plaintiff Arminas Wagner suggests that a further stay is warranted because the insured in *Circus Circus* "may likely seek petition for *en banc* rehearing in the Ninth Circuit."[1]  (ECF

---

[1] Defendant Ohio Security opposes Arminas Wagner's request for a further stay. (ECF No. 24 at 3).

**James C. Mahan**
**U.S. District Judge**

No. 24 at 3). Indeed, the day following the submission of the parties' status report, the insured in *Circus Circus* filed an *en banc* petition. Regardless, the court does not agree that a further stay is warranted at this time.

Courts have broad discretion in managing their dockets. *See, e.g., Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (courts have the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants"). In exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. See Fed. R. Civ. P. 1.

While a petition for *en banc* rehearing has been filed, the court of appeals may still deny the petition. This case has already languished on the docket for nearly a year in order to await guidance from the Ninth Circuit. If the Ninth Circuit decides to reconsider its ruling and grant an *en banc* rehearing, Arminas Wagner may move this court to stay this case and the court will issue a ruling after full briefing. Meanwhile, the stay remains lifted on the case.

Accordingly,

It is HEREBY ORDERED that the parties shall have thirty (30) days from the date of this order to file any renewed motions. The standard response and reply briefing schedules set forth in LR IA 7-2 will apply. For clarity, the discovery stay entered by the court on June 14, 2021 (ECF No. 21) remains in effect until further order of the court.

DATED February 17, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**